CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 0 9 2005

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BOBBY WAYNE MCCRAY, JR., #08873-084, Petitioner, | ) ) ) ) | Civil Action No. 7:05-cv-00151 Criminal Action No. 5:03-cr-70005 |
| v. | ) ) | **MEMORANDUM OPINION** |
| UNITED STATES, Respondent. | ) ) ) | By: Hon. James C. Turk Senior United States District Judge |

Petitioner Bobby Wayne McCray, Jr., a federal inmate proceeding pro se, brings this action to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. In his petition, McCray requests re-sentencing as a result of a new constitutional rule announced in the Supreme Court's opinions in Blakely v. Washington, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004) and United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005). However, because McCray's conviction became final more than one year ago, his motion must be dismissed.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) amended 28 U.S.C. § 2255 to include a one-year limitation period. Normally, the limitation period runs from the date on which the conviction became final upon the expiration of the defendant's opportunity to pursue direct appeal remedies. See 28 U.S.C. § 2255 ¶ 6(1). The court entered final judgment against McCray on July 7, 2003. Therefore, McCray's conviction became final on July 25, 2003, when the ten-day period in which to file a notice of appeal expired. See Fed. R. App. Pro. 4(b)(1)(A)(i).

It appears that McCray is attempting to claim that Blakely is a new rule, which is retroactive to cases on collateral review and that as such it restarts the limitation period pursuant to 28 U.S.C. § 2255 ¶ 6(3). However, this court has held that Blakely does not apply

retroactively to cases on collateral review. See Lilly v. United States, 342 F. Supp. 2d 532 (W.D.Va. 2004). In Booker, the Supreme Court merely applied the Blakely rule to the United States Sentencing Guidelines; the Court did not make the Blakely rule (or the Booker holding) retroactive to cases on collateral review. In addition, because McCray has admitted that he did not appeal his sentence, it is clear that his claims would be procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

McCray's petition is untimely. In addition, even if his claims were timely, the rule in Blakely does not apply retroactively to McCray's case and his claims are procedurally defaulted. Therefore, the court must dismiss his petition. An appropriate order will be entered this day dismissing his petition.

ENTER: This 9th day of May, 2005

Senior United States District Judge